IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| SHANNON MATHIS, | § | |
| | § | No. 89, 2015 |
| Defendant Below, | § | |
| Appellant, | § | |
| | § | Court Below – Superior Court |
| v. | § | of the State of Delaware, in |
| | § | and for New Castle County |
| STATE OF DELAWARE, | § | |
| | § | Cr. ID. No. 1307020179 |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: October 21, 2015
Decided: October 23, 2015

Before **HOLLAND**, **VALIHURA**, and **SEITZ**, Justices.

## ORDER

This 23rd day of October, 2015, it appears to the Court that:

(1)   In the early morning hours of July 25, 2013, officers assigned to Operation Safe Streets were driving in an unmarked police vehicle to a residence in the 2800 block of North Washington Street in Wilmington, Delaware to perform a curfew check on a probationer. They observed Shannon Mathis drinking a beer from a can as he walked along the sidewalk with another man. The officers passed by the two men and then made a U-turn to park in front of the residence where they were planning to perform the curfew check. When the unmarked police vehicle completed the U-turn, Mathis began fleeing. The officers pursued in their vehicle,

pulling up next to Mathis as Mathis was running away. One of the officers announced the officers as police and ordered Mathis to stop and get on the ground. Mathis continued fleeing. Before the police apprehended him on foot, they saw Mathis trying to dispose of a gun. When the police brought Mathis to the ground after attempting to run past the officers, a gun fell from his person.

(2) The State indicted Mathis for possession of a firearm by a person prohibited, carrying a concealed deadly weapon, possession of a firearm with an obliterated serial number, and resisting arrest. Prior to trial Mathis sought to suppress the gun evidence as the product of an illegal seizure. The Superior Court denied his motion, and a jury convicted Mathis on all charges. On appeal, Mathis claims the Superior Court erred by denying his motion to suppress the gun evidence. After reviewing the record, we agree with the Superior Court that the officers had a reasonable, articulable suspicion that Mathis was engaged in criminal activity. The officers were therefore warranted in conducting an investigatory stop of Mathis. We affirm the judgment of the Superior Court.

(3) Wilmington Police Sergeant Thomas Looney and Special Probation Officers Daniel Collins and Kate Sweeney were driving in an unmarked Ford Expedition police vehicle in the 2800 block of North Washington Street in Wilmington in the early morning hours of July 25, 2013. They were on their way to a residence on that block where a probationer lived to conduct a curfew check.

As they were approaching the residence on the opposite side of the street, they passed Shannon Mathis and another man walking on the sidewalk. They saw Mathis drinking a beer from an open can.[1]

(4)   Sergeant Looney was driving and made a U-turn to park in front of the residence. After completing the U-turn, the officers noticed that Mathis had begun running in the opposite direction. The officers pursued Mathis and pulled alongside him in the Expedition. Officer Collins shouted out to Mathis, identifying the officers as police and asking him what was wrong. Despite hesitating and seeming to think about stopping, Mathis took off fleeing once again. Mathis ignored instructions from Officer Collins to stop and get on the ground.[2]

(5)   The officers continued to pursue Mathis in the Expedition. Mathis turned and ran into a driveway. The officers stopped in front of the driveway and got out of the Expedition. They saw Mathis reach for a gun in his waistband and attempt unsuccessfully to dispose of it over a fence. Mathis then turned and sought to run out of the driveway and past the officers. Officer Collins tackled him. As Mathis was going to the ground, a gun fell from his person.[3]

(6)   The police arrested Mathis and charged him with possession of a firearm by a person prohibited, carrying a concealed deadly weapon, possession of

---

[1] App. to Opening Br. at 26-27.
[2] *Id.* at 26-27, 37.
[3] *Id.* at 29.

3

a firearm with an obliterated serial number, and resisting arrest. Before trial, Mathis moved to suppress the gun as the fruit of an illegal seizure. The Superior Court denied Mathis's motion. A Superior Court jury convicted Mathis on all charges. The trial judge sentenced Mathis to five years of incarceration followed by descending levels of supervision.

(7) This Court reviews a trial court's denial of a motion to suppress for abuse of discretion. We review the trial court's legal conclusions *de novo.* The trial court's findings of fact are reviewed to determine if the trial court abused its discretion in finding that there was sufficient evidence to support those findings and whether those findings were clearly erroneous.[4]

(8) Article I, Section 6 of the Delaware Constitution provides:

> The people shall be secure in their persons, houses, papers and possessions, from unreasonable searches and seizures; and no warrant to search any place, or to seize any person or thing, shall issue without describing them as particularly as may be, unless there be probable cause supported by oath or affirmation.

Delaware's constitution provides greater privacy protections against unreasonable searches and seizures than the United States Constitution.[5] In *Terry v. Ohio*,[6] the United States Supreme Court held that a police officer may detain a person for investigatory purposes for a limited scope and duration, but only if such detention

---

[4] *Brown v. State*, 2014 WL 5099648, at *1 (Del. Oct. 9, 2014).
[5] *Jones v. State*, 745 A.2d 856, 865-66 (Del. 1999).
[6] 392 U.S. 1 (1968).

is supported by reasonable and articulable suspicion of criminal activity. In *Quarles v. State* this Court elaborated on the *Terry* "reasonable and articulable" standard: "a police seizure can be justified only when, based upon specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant the belief that a crime is being or has been committed."[7]

(9) In this case, it is undisputed that Mathis was seized when Officer Collins shouted to Mathis from the Expedition, as Sergeant Looney drove the vehicle alongside the fleeing Mathis, that Mathis must stop and get on the ground.[8] The question is whether at that point in time there were specific, articulable facts, together with rational inferences, that reasonably warranted a belief on the officers' part that Mathis was committing or had committed a crime.

(10) The State claims that the officers had more than reasonable articulable suspicion that Mathis was committing a crime because they witnessed him violating a Wilmington City ordinance by drinking an alcoholic beverage from an open container on a public street.[9] Mathis claims that the officers lacked reasonable suspicion to support the investigatory stop because, according to the testimony of Sergeant Looney and Officer Collins, the officers pursued Mathis and ordered him to stop, not because he had been drinking a beer, but because he had

---

[7] *Quarles v. State*, 696 A.2d 1334, 1337 (Del. 1997) (citing *Terry*, 392 U.S. at 17-18).
[8] Appellee's Answering Br. at 5.
[9] Wilm. C. § 36-66.

5

started running away. Mathis cites *Wong Sun v. United States*[10] for the proposition that flight from police officers cannot form the basis for reasonable suspicion justifying seizure if the person fleeing does not know that the persons from whom he is fleeing are police officers.

(11) There is some uncertainty in this case as to whether, when Mathis began fleeing, he knew he was fleeing from police. The officers had not made an overt show of force or sought to identify themselves before they pursued Mathis. Officer Collins testified that he was not positive that Mathis noticed the officers before Mathis started running.[11] Sergeant Looney testified, however, that he and his vehicle are well-known throughout the City of Wilmington, and Mathis was familiar with him and his vehicle from a prior incident when Sergeant Looney was checking on a probationer and Mathis was present.[12] Moreover, Mathis told personnel at the hospital, where he was taken after the incident, that he started running when he saw the police.[13]

(12) On appeal, this Court defers to the factual findings of the Superior Court unless the Superior Court abused its discretion in determining there was sufficient evidence to support those findings and those findings were not clearly

---

[10] 371 U.S. 471 (1963).
[11] App. to Opening Br. at 37.
[12] *Id.* at 31.
[13] *Id.* at 47.

erroneous.[14] The Superior Court found convincing, as evidence that Mathis knew the occupants of the Expedition were police when he began fleeing, the fact that Mathis told hospital personnel that he had begun running when he saw the police.[15] The Superior Court's reason for crediting this evidence is convincing: the person who made the hospital records memorializing Mathis's post-incident account was independent and had no interest in distorting the facts. The Superior Court's factual finding that Mathis was aware of the police presence when he began fleeing is supported by sufficient evidence and is not clearly erroneous.

(13) If Mathis knew that the occupants of the Expedition were police at the time he started fleeing, *Wong Sun* does not require suppression of the gun evidence. At the time the officers seized Mathis, the officers had both the fact that they had observed Mathis violating a city ordinance and the fact that Mathis fled from the police as specific, articulable facts supporting a reasonable belief that Mathis was or had been engaged in criminal activity. Mathis had been caught in the act of committing a crime. The fact that the police might have let Mathis go with a warning for violating the open container ordinance had Mathis not fled does not change the fact that, once Mathis responded to being caught violating a city ordinance by fleeing, the officers had reasonable grounds for suspicion warranting

---

[14] *Brown*, 2014 WL 5099648, at *1.
[15] App. to Opening Br. at 47.

an investigatory stop. The Superior Court did not abuse its discretion when it denied the motion to suppress.[16]

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

/s/ *Collins J. Seitz, Jr.*
Justice

---

[16] *Jones v. State*, 745 A.2d 856, 865-66 (Del. 1999).

8